Filed 5/16/23  P. v. Dor CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B321629 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA019858) |
| v. | |
| RICHARD PIERRE DOR, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Darrell S. Mavis, Judge.  Reversed and remanded with directions.

Richard B. Lennon and Olivia Meme, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Christopher G. Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

In 1996, following a jury trial, Richard Pierre Dor was convicted of the attempted robbery and first degree murder of John Kradjian. The jury found true the special allegation the murder was committed while Dor was engaged in the commission of a robbery. The jury also found true Dor personally used a firearm in connection with the murder and attempted robbery. Dor appealed, and this court affirmed. (*People v. Dor* (Jan. 14, 1998, B103471) [nonpub. opn.] (*Dor I*).)

In 2021 Dor, represented by counsel, filed a petition for resentencing pursuant to Penal Code[1] former section 1170.95 (now section 1172.6). The superior court found Dor did not qualify for resentencing because Dor was the actual killer, as shown by the facts set forth in this court's opinion in *Dor I, supra*, B103471. Dor contends, the People concede, and we agree the trial court erred by engaging in improper factfinding, and Dor is not ineligible as a matter of law. We reverse and direct the superior court to issue an order to show cause and hold an evidentiary hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

A.     *The Killing*

As this court explained in *Dor I, supra*, B103471,[2] the People presented evidence at trial that on the night of the shooting, Kradjian and his date, Lois Morales, attended a party

---

[1]     Further statutory references are to the Penal Code.

[2]     We provide a recitation of the facts from the trial only as background.

at the Armenian Center in Pasadena.  When they left the party, they walked across the street to where Kradjian had parked.  Dor and another man were standing near the rear of Kradjian's car. Kradjian walked Morales to the passenger side of the car and helped her in.  He closed her door and walked to the rear of the car.  Morales looked back and saw Kradjian arguing with Dor and the other man.  Kradjian pushed the men away and started walking toward the driver's side door of his car.  Dor shot Kradjian three times, then he and the other man ran away. Kradjian died from his wounds.

A few months later Dor was a passenger in a car stopped by the Torrance police for a traffic violation.  A gun was recovered from the driver, which later was determined to be the weapon that killed Kradjian.  In the course of an investigation into unrelated robberies, Michael Baskerville told the police that on the night of the shooting Dor said to Baskerville that he had robbed an Armenian man and shot him.  Two of Dor's friends, Evans and Mosely, were with him that night, but they had remained in the car and were not involved in the robbery and shooting.  Dor later told Baskerville he had been pulled over in Torrance and the police recovered the gun Dor had used in the shooting.  Morales identified Dor from mug shots and a lineup as the man who shot Kradjian.

Police arrested Dor, Evans, and Mosely.  Evans initially told the police a man named Kevin was the robber and killer, and Evans, Mosely, and Dor just happened to be in the vicinity. Later, Evans stated Dor and Kevin tried to rob Kradjian, and Dor shot Kradjian when he resisted.  In a recorded conversation between Evans and Mosely, Evans told Mosely to "blame [the

3

murder] on Kevin." At trial, Evans testified it was Kevin, not Dor, who shot Kradjian.

Dor similarly told the police that Kevin committed the robbery and murder. Dor explained he was standing by his car talking with Kevin and his friend Darryl. Dor showed his gun to Kevin and Darryl. He left the gun with Darryl and walked to his father's apartment. After he left the apartment, Dor heard gun shots and saw Kevin and Darryl running toward him. Dor ran with them to Kevin and Darryl's car. Darryl then handed the gun back to Dor, got into the car with Kevin, and drove off. Mosely and Evans pulled up in Dor's car, and Dor drove off with them.

The jury found Dor guilty of first degree murder and attempted robbery, and it found true the special allegation the murder was committed while Dor was engaged in the commission of a robbery. (§ 187, subd. (a) (count 1); §§ 664, 211 (count 2); § 190.2, subd. (a)(17)(A).) The jury also found true that Dor personally used a firearm in connection with the murder and attempted robbery. (§ 12022.5, subd. (a).) The trial court sentenced Dor to life without the possibility of parole, plus five years on the firearm-use enhancement.

B.    *Dor's Petition for Resentencing*

On December 7, 2021 Dor, represented by counsel, filed a petition for resentencing in which he argued he was eligible for relief under former section 1170.95 because he was convicted under the now-invalid natural and probable consequences doctrine or the felony murder rule. Dor submitted with his petition the jury instructions and a copy of this court's opinion in *Dor I*.

4

The People in their opposition argued Dor was ineligible for relief because he was either the actual killer, harbored the intent to kill, or was a major participant who acted with reckless indifference to human life. The People attached to their opposition the opinion in *Dor I, supra*, B103471, the jury instructions, and the verdict forms.

Dor filed a reply in which he argued that under the Supreme Court's decision in *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*), he had made a prima facie showing of entitlement to relief, and therefore, the court should issue an order to show cause. Dor also argued the special circumstance finding could not be used to justify finding him ineligible because the finding was made before the Supreme Court decided *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522.

After hearing argument from counsel, on June 21, 2022 the superior court denied Dor's petition. The court found Dor had not made a prima facie showing that he was entitled to relief, reasoning this court's opinion in *Dor I, supra*, B103471 provided "strong evidence of the defendant's guilt," discussing "undisputed evidence that placed the defendant at the scene of the murder . . . ; that witness Morales identified the defendant as the killer; and that the jury concluded beyond a reasonable doubt that the defendant personally used a firearm." Therefore, "there is no reason for the court to order an order to show cause for a hearing."

Dor timely appealed.

## DISCUSSION

A.   *Senate Bill 1437 and Section 1172.6 (Former Section 1170.95)*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder and significantly limited the scope of the felony-murder rule.  (*People v. Strong* (2022) 13 Cal.5th 698, 707-708; *Lewis, supra*, 11 Cal.5th at p. 957; *People v. Gentile* (2020) 10 Cal.5th 830, 842-843, 847-848.)  Section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder except under the revised felony-murder rule as set forth in section 189, subdivision (e).  That section requires the People to prove specific facts relating to the defendant's individual culpability:  The defendant was the actual killer (§ 189, subd. (e)(1)); although not the actual killer, the defendant, with the intent to kill, assisted in the commission of the murder (§ 189, subd. (e)(2)); or the defendant was a major participant in an underlying felony listed in section 189, subdivision (a), and acted with reckless indifference to human life "as described in subdivision (d) of Section 190.2," the felony-murder special-circumstance provision (§ 189, subd. (e)(3)).  (See *Strong*, at p. 708.)

Senate Bill 1437 also provided a procedure (now codified in section 1172.6) for an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder under Senate Bill 1437's changes to

6

sections 188 and 189. (*Lewis, supra*, 11 Cal.5th at p. 959; *People v. Gentile, supra*, 10 Cal.5th at p. 847.) The ameliorative changes to the law now apply to attempted murder and voluntary manslaughter. (§ 1172.6, subd. (a).)

If the section 1172.6 petition contains all the required information, including a declaration by the petitioner that he or she is eligible for relief based on the requirements of subdivision (a), the sentencing court must appoint counsel to represent the petitioner upon his or her request pursuant to section 1172.6, subdivision (b)(3). Further, upon the filing of a facially sufficient petition, the court must direct the prosecutor to file a response to the petition and permit the petitioner to file a reply, and the court must determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (See § 1172.6, subd. (c).) Where a petitioner makes the requisite prima facie showing he or she falls within the provisions of section 1172.6 and is entitled to relief, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subds. (c) & (d)(1).)

B.      *The Superior Court Erred in Denying Dor's Petition Without Issuing an Order To Show Cause*

Dor contends the superior court erred in denying his petition without issuing an order to show cause and holding an evidentiary hearing because the court improperly engaged in factfinding in concluding Dor was the actual killer; it improperly considered the facts as described in *Dor I, supra*, B103471; and it should not have relied on the jury's true finding that Dor

7

personally used a firearm in the commission of the murder.  The People agree that the superior court erred, pointing to the jury instructions that show Dor could have been convicted under either the natural and probable consequences doctrine or the felony murder rule.  We agree and reverse.

As discussed, where a defendant makes a prima facie showing he or she falls within the provisions of section 1172.6 and is entitled to relief, the court must issue an order to show cause and hold an evidentiary hearing.  (§ 1172.6, subds. (c) & (d)(1).)  Dor submitted with his petition the jury instructions that show the jury was instructed on the natural and probable consequences doctrine (CALJIC No. 3.02), murder based on a conspiracy to commit a robbery, the natural and probable consequence of which was commission of murder (CALJIC No. 6.11), and the felony murder rule (CALCRIM No. 8.21).

He argued in his petition he was convicted under one of these theories.  The People did not meet their burden in response to show Dor was ineligible for relief as a matter of law.  Rather, the People argued Dor was the actual killer or harbored an intent to kill based on the facts set forth in this court's opinion in *Dor I, supra*, B103471.

However, as the Supreme Court instructed in *Lewis*, in determining whether the petitioner has made a prima facie showing he or she is entitled to relief under former section 1170.95, subdivision (c), "[i]n reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis, supra*, 11 Cal.5th at p. 972.)  Rather, at the prima facie review stage, the court's review is limited to "'readily ascertainable facts'" in the record,

8

such as the jury instructions, the record of the crimes committed, and jury findings on the enhancements.  (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815; see *People v. Harden* (2022) 81 Cal.App.5th 45, 50 [considering jury instructions and verdicts to determine whether the record of conviction conclusively established that defendant was actual killer]; *People v. Ervin* (2021) 72 Cal.App.5th 90, 106 [considering as part of the record of conviction the jury instructions, closing arguments, and verdicts, which did not show defendant was ineligible for relief based on jury's true findings on felony-murder special-circumstance allegation].)

As the People point out, although there was testimony supporting a finding Dor was the actual shooter (including from Morales), there was also evidence it was someone named Kevin who was the actual shooter.  The superior court's finding at the prima facie review stage that it was Dor who was the actual shooter was improper factfinding not appropriate at the prima facie stage.

The superior court's reliance on the jury's true finding on the firearm-use enhancement was also error.  As the Supreme Court explained in *People v. Jones* (2003) 30 Cal.4th 1084, 1119-1120, in rejecting the argument the defendant's admission of personal use of a firearm necessarily meant he was the actual killer of a restaurant manager where he and a confederate robbed the restaurant, "The finding of personal use, however, would not in itself prove defendant was the actual killer.  If two robbers display guns to intimidate robbery victims and one shoots and kills a victim, both robbers could be found to have personally used a gun in the robbery and the felony murder, even though only one is the actual killer." (*Id*. at p. 1120.)  Here, the jury was

instructed with CALJIC No. 17.19 that "[t]he term 'used a firearm' as used in these instructions, means to display a firearm in a menacing manner, intentionally to fire it, or intentionally to strike or hit a human being with it." Thus, the jury could have found Dor personally used a firearm in the commission of the murder based on his using the firearm in a menacing manner without shooting it.

## DISPOSITION

The order denying Dor's petition for resentencing is reversed. On remand, the superior court is to issue an order to show cause and to conduct further proceedings in accordance with section 1172.6, subdivision (d).


                                            FEUER, J.

We concur:


        PERLUSS, P. J.


        ESCALANTE, J.*

---

*        Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.